WALKER V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-334-CR

WESLEY RAY WALKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Wesley Ray Walker, was found guilty by a jury of first degree murder on May 4, 1995.  On July 9, 2003, Appellant filed a motion for forensic DNA testing pursuant to chapter 64 of the Texas Code of Criminal Procedure.  After Appellant was appointed counsel, the trial court denied Appellant’s motion.  In one point, Appellant argues that the trial court erred by denying his request for forensic testing.  We affirm.

In reviewing the trial court’s denial of Appellant’s request for forensic testing, we use a bifurcated standard of review.  
Rivera v. State
, 89 S.W.2d 55, 59 (Tex. Crim. App. 2002).  We afford almost total deference to the trial court's determination of issues of historical fact and application-of-law-to-fact issues that turn on credibility and demeanor, while we review de novo other application-of-law-to-fact issues.  
Id
.  The ultimate question of whether a reasonable probability exists that exculpatory DNA tests would prove innocence is an application-of-law-to-fact question that does not turn on credibility and demeanor and is therefore reviewed de novo.  
Id
.

Texas Code of Criminal Procedure article 64.03 sets forth the requirements for forensic DNA testing:

(a) A convicting court may order forensic DNA testing under this chapter only if:

(1) the court finds that:

(A) the evidence:

(i) still exists and is in a condition making DNA testing possible;  and

(ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and

(B) identity was or is an issue in the case; and

(2) the convicted person establishes by a preponderance of the evidence that:

(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and

(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

Tex. Code Crim. Proc. Ann.
 art. 64.03(a) (Vernon Supp. 2004-05).

In his motion filed in the trial court, Appellant requested that clothing be subjected to DNA testing, contending that this would demonstrate that the gun used in the offense had discharged inside Appellant’s clothing.  Appellant argued that evidence that the gun had discharged inside his clothing would support his defense that the shooting was an accident and would exonerate him. 

In its findings of fact, the trial court found that (1) Appellant was “asking for the clothing to be tested for gun powder residue,” (2) Appellant admitted shooting the deceased, and (3) his defense was that the shooting was an accident.  In its conclusions of law, the trial court concluded that “[i]dentity is not an issue in this case” and that Appellant “has not proven by a preponderance of the evidence that there exists a reasonable probability that he would not have been convicted had the DNA testing been done.” 

Although Appellant’s sole complaint on appeal is that the trial court improperly found that he was only requesting testing for gun powder residue, that argument is irrelevant.  Before a court may order DNA testing, it must find, among other things, that identity was or is an issue.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 64.03(a)(1)(B).  As the trial court found, Appellant admitted shooting the deceased, claiming only that the shooting was accidental.  Therefore, identity was not an issue in this case.  
See Bell v. State
, 90 S.W.3d 301, 308 (Tex. Crim. App. 2002) (stating that identity was not an issue because appellant confessed to the murder).  Thus, Appellant was not entitled to forensic DNA testing.  Accordingly, we affirm the trial court’s denial of Appellant’s motion.

PER CURIAM

PANEL F: CAYCE, C.J.; GARDNER and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 25, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.